1  BRANDON D. SAXON  (SBN:  252712)
   bsaxon@grsm.com
2  GORDON & REES SCULLY MANSUKHANI, LLP
   101 W. Broadway Suite 2000
3  San Diego, CA 92101
   Telephone:  (619) 544-7229
4  Facsimile:  (619) 696-7124

5  Attorney for DEFENDANTS
   BARNARD CONSTRUCTION COMPANY, INC. AND BFBC, LLC

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10
    FRANK GONZALEZ, FRANCISCO       )   CASE NO.: **'22CV534  LL   MDD**
11  GONZALEZ RIOS, and PABLO        )
    GONZALEZ RIOS, individually and )   *San Diego Superior Court Case*
12  on behalf of all others similarly )  *No:  37-2021-00045784-CU-OE-*
    situated,                       )   *CTL*
13                                  )
                       Plaintiffs,  )   **DEFENDANTS' NOTICE OF**
14                                  )   **REMOVAL UNDER 28 U.S.C. §**
          vs.                       )   **1332(D) AND 1453 (CLASS**
15                                  )   **ACTION FAIRNESS ACT)**
    BARNARD CONSTRUCTION            )
16  COMPANY, INCORPORATED, a        )   [Filed and served concurrently with
    corporation; BFBC, LLC,  a      )   Declaration of Alexander Marx,
17  Limited Liability Company; and  )   and Declaration of Benjamin
    DOES 1 through 10, inclusive,   )   Campbell]
18                                  )
                       Defendants.  )
19  _____ )

20

21

22

23

24

25

26

27

28

*(Left margin, vertical text)* **Gordon Rees Scully Mansukhani, LLP** / 101 W. Broadway, Suite 2000 / San Diego, CA  92101

# **TABLE OF CONTENTS**

**Page**

I.   Background .............................................................................................. 1

II.  Removal Is Timely .................................................................................. 2

III. Venue Is Proper ...................................................................................... 2

IV.  Removal Is Proper Pursuant to Diversity Jurisdiction Under the Class
     Action Fairness Act ............................................................................... 3

     A.   There Is Minimal Diversity Under CAFA ...................................... 3

     B.   CAFA's Numerosity Requirement Is Satisfied .............................. 5

     C.   The Amount in Controversy Exceeds $5,000,000 .......................... 5

          ALLEGED UNPAID OVERTIME WAGES ................................. 8

               a.   Plaintiff Frank Gonzalez ................................................. 8

               b.   Plaintiff Francisco Gonzalez Rios ................................. 9

               c.   Plaintiff Pablo Gonzalez Rios ........................................ 9

          ALLEGED UNPAID MEAL AND REST PREMIUMS ................. 10

          ALLEGED WAITING TIME PENALTIES .................................... 11

          ALLEGED WAGE STATEMENT PENALTIES ............................ 12

          PLAINTIFFS' CLAIMS AS APPLIED TO CLASS ...................... 13

V.   All Procedural Requirements For Removal Have Been Met ..................... 15

VI.  Conclusion .............................................................................................. 15

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
*Americold Realty Trust v. Conagra Foods, Inc.*,
    577 U.S. 378 (2016) ................................................................................ 4

5

6
*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*,
    465 F.2d 489 (9th Cir. 1972) ................................................................ 6

7
*Burns v. Windsor Ins. Co.*,
    31 F.3d 1092 (11th Cir. 1994) .............................................................. 6

8

9
*Dart Cherokee Basin Operating Co. v. Owens*,
    574 U.S. 81 (2014) ................................................................................ 7

10
*Gait G/S v. JSS Scandinavia*,
    142 F. 3d 1150 (9th Cir. 1998) ............................................................ 6

11

12
*Harris v. Bankers Life & Cas. Co.*,
    425 F.3d 689 (9th Cir. 2005) ................................................................ 2

13
*Hertz Corporation v. Friend, et al.*,
    130 S.Ct. 1181 (2010) .......................................................................... 4

14

15
*Ibarra v. Manheim Invs., Inc.*,
    775 F.3d 1193 (9th Cir. 2015) .............................................................. 7

16
*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
    199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................. 6

17

18
*Korn v. Polo Ralph Lauren Corp.*,
    536 F.Supp.2d 1199 (E.D. Cal. Feb. 27, 2008) ................................... 5

19
*Kroske v. US Bank Corp.*,
    432 F.3d 976 (9th Cir. 2005) ................................................................ 7

20

21
*Lewis v. Verizon Comm., Inc.*,
    627 F.3d 395 (9th Cir. 2010) ................................................................ 6

22
*Lowdermilk v. U.S. Bank*,
    479 F.3d 994 (9th Cir. 2007) .............................................................. 15

23

24
*Patel v. Nike Retails Services*,
    58 F.Supp.3d 1032 (N.D. Cal. 2014) .................................................. 15

25
*Rippee v. Boston Mkt. Corp.*,
    408 F. Supp. 2d 982 (S.D. Cal. 2005) .................................................. 6

26

27
*Singer v. State Farm Mut. Ins. Co.*,
    116 F.3d 373 (9th Cir. 1997) ................................................................ 7

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-ii-

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ..................................................................... 15

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) ..................................................................... 5

*Van Noland v. Pelletier*,
  2010 U.S. Dist. LEXIS 33554 (E.D. Cal. April 6, 2010) ................................. 4

**Statutes**

28 United States Code
  Section 1332 ................................................................................ 1, 3, 4, 5, 15

28 United States Code
  Section 1391 ................................................................................................ 2

28 United States Code
  Section 1441 ................................................................................................ 2

28 United States Code
  Section 1446 ........................................................................................... 2, 15

28 United States Code
  Section 1453 ..................................................................................... 1, 3, 15

28 United States Code
  Section 84 ................................................................................................... 2

Business & Professions Code
  Section 17200 .............................................................................................. 1

Labor Code
  Section 1194 ................................................................................................ 1

Labor Code
  Section 1194.2 ............................................................................................. 1

Labor Code
  Section 1197 ................................................................................................ 1

Labor Code
  Section 1198 ................................................................................................ 1

Labor Code
  Section 201 .................................................................................................. 1

Labor Code
  Section 202 .................................................................................................. 1

Labor Code
  Section 203 ............................................................................................ 1, 11

Labor Code
  Section 204 .................................................................................................. 1

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Labor Code
  Section 226.................................................................................. 1, 12, 14

Labor Code
  Section 226.7 ...................................................................................... 1

Labor Code
  Section 2699 ........................................................................................ 2

Labor Code
  Section 2802 ........................................................................................ 1

Labor Code
  Section 512 .......................................................................................... 1

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND TO HIS RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants BARNARD CONSTRUCTION COMPANY, INC. and BFBC, LLC (collectively "Defendants") hereby remove the above-entitled action from the San Diego County Superior Court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(d) and 1453.

**I.    BACKGROUND**

1.    On October 27, 2021, Plaintiffs Frank Gonzalez, Francisco Gonzalez Rios, and Pablo Gonzalez Rios ("Plaintiffs") filed an unverified class action Complaint (the "Complaint") in the San Diego County Superior Court entitled *Gonzalez v. Barnard Construction Company, Incorporated, et al.*, Case No. 37-2021-00045784-CU-OE-CTL (the "State Court Action").  The Complaint was served upon Defendants on November 10, 2021.

2.    On January 5, 2022 Plaintiffs filed a First Amended Complaint (the "Amended Complaint") in the State Court Action. The Amended Complaint was served on Defendants on January 14, 2022.

3.    The Amended Complaint alleges nine causes of action: (1) Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197); (2) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198); (3) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512); (4) Failure to Authorize and Permit Rest Periods (Cal. Lab. Code §§ 226.7); (5) Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203); (6) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226); (7) Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802); (8) Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, et seq.);

and (9) Civil Penalties Under PAGA (Cal. Lab. Code § 2699, *et seq.*).

4.      Copies of all the pleadings filed in the State Court Action to date are attached and collectively marked as Exhibit "A" to the Declaration of Alexander Marx ("A. Marx Decl."), filed concurrently herewith.

## II.   REMOVAL IS TIMELY

5.      This Notice of Removal is timely because it is being filed on April 15, 2022 within thirty (30) days of April 7, 2022, which is the date when it was first ascertained that the case was removable. 28 U.S.C. § 1446(b)(3). See A. Marx Decl., ¶¶ 3, 4.

6.      It was not ascertainable on the face of either the Complaint or the Amended Complaint that the State Court Action was removable under diversity jurisdiction. In particular, neither the Complaint nor the Amended Complaint specified an amount in controversy. And, neither the Complaint nor the Amended Complaint stated the citizenship of the parties. See *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (Explaining that notice of removability is determined by the "four corners of the applicable pleadings[.]").

7.      On March 20, 2022, Defendants ascertained that the named Plaintiffs are, and were at all relevant times, citizens of the State of Arizona for diversity purposes. A. Marx Decl., ¶ 4. Also on March 20, 2022, Defendants ascertained, as explained below, that the amount in controversy in the State Court Action is greater than $5,000,000. A. Marx Decl., ¶5. Accordingly, removal is timely.

## III.   VENUE IS PROPER

8.      The State Court Action was filed and is pending in the Superior Court of the State of California for the County of San Diego. Venue therefore properly lies this District because the Southern District of California encompasses the county of San Diego.  (See 28 U.S.C. §§ 84(a), 1391, 1441(a).)

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

IV.   **REMOVAL IS PROPER PURSUANT TO DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

9.      This action is a civil action over which the Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453 (removal of class actions), because it is a civil action consisting of over one hundred (100) putative class members, involving an amount in controversy exceeding $5,000,000, and there is minimal diversity where the putative class members have different citizenship than the Defendants. (See 28 U.S.C. § 1332(d) [providing that district courts have original jurisdiction over a class action where (1) the class consists of 100 members or more; (2) the amount in controversy exceeds the sum of $5,000,000, exclusive of costs and interests; and (3) any member of the class is a citizen of a state different from any defendant].)

10.     Without conceding any merit to Plaintiffs' claims or ability to certify the putative class, or any class (which Defendants deny), the elements of CAFA jurisdiction are satisfied.

A.      **There Is Minimal Diversity Under CAFA**

11.     Removal under CAFA requires minimal diversity—i.e., one of the defendants must be diverse from any one of the class members, whether named or unnamed. (28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1332(d)(1)(D) (for purposes of CAFA, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

12.     At all relevant times, including the date the State Court Action was filed and the date of this removal, Plaintiffs were citizens of the State of Arizona. A. Marx Decl., ¶ 4.

13.     Defendant Barnard Construction Company, Inc. is a corporation organized under the laws of the State of Montana. Declaration of Benjamin

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9

Campbell ("B. Campbell Decl."), ¶ 3. At all relevant times, including the date the State Court Action was filed and the date of this removal, Barnard Construction Company, Inc. has maintained its principal place of business in the City of Bozeman, State of Montana. B. Campbell Decl., ¶ 3. Further, the majority of the salaried employees, property, and tangible assets of Barnard Construction Company, Inc. are located in the State of Montana. B. Campbell Decl., ¶ 3. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business…").

10
11
12
13
14
15
16
17
18

14.    In *Hertz Corporation v. Friend, et al.*, 130 S.Ct. 1181 (2010), the United States Supreme Court adopted the "nerve center" test for determining corporation citizenship in diversity jurisdiction cases.  The Court determined that a corporation's "principal place of business" is the "place where a corporation's high level officers direct, control, and coordinate the corporation's activities. (*Hertz Corp.,* 130 S.Ct. at 1186; *see also Van Noland v. Pelletier*, 2010 U.S. Dist. LEXIS 33554, *6-7 (E.D. Cal. April 6, 2010) (replying on the newly issued *Hertz opinion*).)  Under the "nerve center" test, Defendant Barnard Construction Company, Inc. is a citizen of the State of Montana.

19
20
21
22
23
24
25
26

15.    Defendant BFBC, LLC is a limited liability company organized under the laws of the State of Delaware. B. Campbell Decl., ¶ 4. The sole member of BFBC, LLC is Barnard Construction Company, Inc. B. Campbell Decl., ¶ 4.  Therefore BFBC, LLC, like Barnard Construction Company, Inc., is a citizen of the State of Montana. *See Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (explaining that for diversity purposes an unincorporated entity, such as a limited liability company, takes the citizenship of its members).

27
28

16.    In addition, because the Complaint purports to be brought on behalf of "all persons who worked for any Defendant **in California** as an hourly-paid or

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA  92101

-4-

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

non-exempt employee at any time during the [class period]" it is reasonable to assume that most if not all potential class members are not citizens of Montana and are, therefore, diverse from Defendants. Exhibit A, Amended Complaint, ¶ 28.

17.    Because the State Court Action was filed in California and neither Defendant is a citizen of California, neither the Local Controversy Exception (28 U.S.C. § 1332(d)(4)(A) nor the Home-State Exception (28 U.S.C. § 1332(d)(4)(B) to diversity jurisdiction under CAFA applies to this case.

**B.    CAFA's Numerosity Requirement Is Satisfied**

18.    Plaintiffs' proposed class definition includes "all persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the class is sent." Exhibit A, Amended Complaint, ¶ 28.

19.    A review of Defendants' records indicates that there are approximately 500 individuals for the Class Period who meet Plaintiffs' proposed definition. B. Campbell Decl., ¶ 8. CAFA's numerosity requirement (minimum 100 class members) is satisfied.

**C.    The Amount in Controversy Exceeds $5,000,000**

20.    While Defendants deny any liability as to Plaintiffs' claims, the amount in controversy requirement is satisfied because the amount in controversy exceeds the $5,000,000 jurisdictional limit pursuant to CAFA. *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199 (E.D. Cal. Feb. 27, 2008) (holding that the amount in controversy in the aggregate, for diversity purposes, must exceed the sum or value of $5,000,000). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal

petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Gait G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); see also *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

21. Although Defendants deny any liability for the damages alleged in Plaintiffs' Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must look to the allegations of Plaintiffs' Complaint and presume that Plaintiffs will prevail on their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)(stating that the amount in controversy analysis "presumes plaintiff prevails on liability"). In other words, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

22. Plaintiffs assert that the relevant class period is "the period beginning four years and 178 days before the filing of the initial complaint in this action" up to the present. Exhibit A, Amended Complaint, ¶ 28.

23. Plaintiffs' Amended Complaint alleges claims for unpaid wages and overtime, mail and rest periods, waiting time penalties, wage statement penalties, failure to indemnify business expenses, unfair business practices, and civil penalties under PAGA. Plaintiff claims damages including, but not limited to, lost wages, statutory liquidated damages (double damages) for failure to pay minimum wages, unreimbursed business expenses, statutory penalties, injunctive

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

1  relief, interest and attorneys' fees and costs. Exhibit A, Amended Complaint,

2  Prayer for Relief.

3      24.    Plaintiffs' Complaint and Amended Complaint are silent as to the

4  total amount of damages claimed. When the amount in controversy is not readily

5  apparent from a complaint, "the court may consider facts in the removal petition"

6  to determine the potential damages at issue. *Kroske v. US Bank Corp*., 432 F.3d

7  976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Ins. Co*., 116 F.3d

8  373, 377 (9th Cir. 1997)). A defendant must provide "a plausible allegation that

9  the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*

10 *Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); see also *Ibarra v.*

11 *Manheim Invs., Inc*., 775 F.3d 1193, 1197-98 (9th Cir. 2015) ("[A] defendant can

12 establish the amount in controversy by an unchallenged, plausible assertion of

13 the amount in controversy in its notice of removal."). The defendant's amount in

14 controversy allegation should be accepted when not contested by the plaintiff or

15 questioned by the court. *Dart*, 574 U.S. at 87.

16     25.    The total amount in controversy for all potential class members

17 exceeds the sum of five million dollars ($5,000,000), exclusive of interest and

18 costs.  Defendants meet their burden based on the following:

19     26.    As noted above, Plaintiffs' proposed class definition includes "all

20 persons who worked for any Defendant in California as an hourly-paid or non-

21 exempt employee at any time during the [class period]." And, as stated above,

22 there are approximately 500 individuals fitting this proposed definition. B.

23 Campbell Decl., ¶ 8.

24     27.    Accordingly, if the *average* class member's damages total more than

25 $10,000, the amount in controversy is satisfied.

26     28.    A review of only *some* of Plaintiffs' claims demonstrates that the

27 amount in controversy for the proposed class as a whole is well in excess of the

28 jurisdictional minimum.

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

## ALLEGED UNPAID OVERTIME WAGES

29.    Plaintiffs' second cause of action alleges that Defendants were required to, but did not, compensate Plaintiffs for overtime hours and double time hours worked as required under the Wage Orders and California Labor Code. Exhibit A, Amended Complaint, ¶¶ 45-53. The Amended Complaint does not specify the number of overtime hours that plaintiffs worked, but merely states that Plaintiffs "mostly worked more than eight hours in a workday and more than forty (40) hours in a workweek." *Id*., ¶ 16.

30.    Based on Plaintiffs' allegations, Defendants conservatively estimate that Plaintiffs contend they worked at least 45 hours a week, totaling approximately 5 hours of overtime for each workweek. This is a conservative estimate based on Plaintiffs' allegations, which does not consider any double time Plaintiffs allege they might be owed.

a.    <u>Plaintiff Frank Gonzalez</u>

(1)    Frank Gonzalez alleges that he worked for Defendants in California from approximately August 2020 to approximately January 2021. Exhibit A, Amended Complaint, ¶ 8.

(2)    The Amended Complaint does not specify Frank Gonzalez's hourly wage. However, Defendants' records show that Plaintiff Frank Gonzalez was paid a California hourly wage of $34.24. B. Campbell Decl., ¶ 5.

(3)    Based on the assumption that Frank Gonzalez worked approximately 5 hours of overtime for each workweek, **Frank Gonzalez is claiming he is entitled to approximately $2,225.60 in unpaid wages**. ($17.12 Unpaid Overtime Premium x 26 workweeks x 5 hours Overtime worked = $2,225.60).

NOTICE OF REMOVAL TO FEDERAL COURT

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

b.   <u>Plaintiff Francisco Gonzalez Rios</u>

(1)   Francisco Gonzalez Rios alleges that he worked for Defendants in California from approximately September 2019 to approximately January 2021. Exhibit A, Amended Complaint, ¶ 9.

(2)   The Amended Complaint does not specify Francisco Gonzalez Rios's hourly wage. However, Defendants' records show that Francisco Gonzalez Rios was paid a California hourly wage of $34.24. B. Campbell Decl., ¶ 6.

(3)   Based on the assumption that Francisco Gonzalez Rios worked approximately 5 hours of overtime for each workweek, **Francisco Gonzalez Rios is claiming he is entitled to approximately $6,334.40 in unpaid wages**. ($17.12 Unpaid Overtime Premium x 74 workweeks x 5 hours Overtime worked = $6,334.40).

c.   <u>Plaintiff Pablo Gonzalez Rios</u>

(1)   Pablo Gonzalez Rios alleges that he worked for Defendants in California from approximately May 2019 to approximately January 2021. Exhibit A, Amended Complaint, ¶ 10.

(2)   The Amended Complaint does not specify Pablo Gonzalez Rios's hourly wage. However, Defendants' records show that Pablo Gonzalez Rios was paid an average California hourly wage of for all weeks worked of $29.95. B. Campbell Decl., ¶ 7.

(3)   Based on the assumption that Pablo Gonzalez Rios worked approximately 5 hours of overtime for each workweek, **Pablo Gonzalez Rios is claiming he is entitled to approximately $6,888.50 in unpaid wages**. ($14.98 Unpaid Overtime

-9-

Premium x 92 workweeks x 5 hours Overtime worked = $20,667.80).

## ALLEGED UNPAID MEAL AND REST PREMIUMS

31.    Plaintiffs' third cause of action alleges that Plaintiffs "routinely worked through meal periods off the clock," and that Defendants "regularly . . . required Plaintiffs . . . to work in excess of five consecutive hours a day without providing a 30-minute, uninterrupted, and duty-free meal period for every five hours of work, or without compensating Plaintiffs . . for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work." Exhibit A, Amended Complaint, ¶ 20. Plaintiffs also allege that Defendants "never informed Plaintiff of their right to, nor permitted them to take, a second meal period when Plaintiffs worked at least ten hours of work in a workday."

32.    Plaintiffs' fourth cause of action alleges that Plaintiffs "regularly required Plaintiffs . . . to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), without compensating Plaintiffs . . . for rest periods that were not authorized or permitted." Exhibit A, Amended Complaint, ¶ 21.

33.    Based on Plaintiffs' allegations, Defendants conservatively estimate that Plaintiffs contend they missed either a meal or rest break on at least one day per week.

    a.    Based on the assumption that Frank Gonzalez missed three meal breaks per week, **Frank Gonzalez is claiming he is entitled to $890.24 in missed meal breaks** ($34.24 Missed Meal or Rest Break Premium Rate x 26 workweeks).

    b.    Based on the assumption that Francisco Gonzalez Rios missed three meal breaks per week, **Francisco Gonzales Rios is claiming he is entitled to $2,533.76 in missed meal breaks** ($34.24 Missed Meal

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

or Rest Break Premium Rate x 74 workweeks).

c. Based on the assumption that Pablo Gonzalez Rios missed three meal breaks per week, **Pablo Gonzalez Rios is claiming he is entitled to $2,755.40 in missed meal breaks** ($29.95 Missed Meal or Rest Break Premium Rate x 92 workweeks).

## ALLEGED WAITING TIME PENALTIES

34.    Plaintiffs' fifth cause of action is for failure to pay all final wages on time. Exhibit A, Amended Complaint ¶¶ 62-68. Plaintiff alleges waiting time penalties under Cal. Labor Code § 203. *Id.* ¶ 66. § 203 provides for up to 30 days' wages as a "waiting time" penalty for employers who willfully do not pay all final wages in a timely manner. *Id.* Plaintiffs each allege that they last worked for Defendants in or around January of 2021. *Id.* ¶¶ 8-10. More than 30 days have passed since Plaintiffs allege they last performed work for Defendants. Given their allegations of unpaid overtime and denial of meal periods and rest breaks, Defendants are alleging they are entitled to recover penalties for up to 30 days of wages. Estimating that Plaintiffs worked an average of nine hours per day based on their allegations that they "mostly worked more than eight hours in a workday and more than forty (40) hours in a workweek" (*Id.* ¶ 16), Plaintiffs' claims for alleged waiting time penalties are as follows:

a. Plaintiffs' allegations would result in potential liability of **$9,758.40 for waiting time penalties for Frank Gonzalez** ([8 hours at $34.24 hourly rate of pay] + [1 hour at $51.36 overtime premium rate] = $325.28 daily wage x 30 days' worth of penalties).

b. Plaintiffs' allegations would result in potential liability of **$9,758.40 for waiting time penalties for Francisco Gonzalez Rios** ([8 hours at $34.24 hourly rate of pay] + [1 hour at $51.36 overtime premium rate] = $325.28 daily wage x 30 days' worth of penalties).

c. Plaintiffs' allegations would result in potential liability of **$12,123.90**

NOTICE OF REMOVAL TO FEDERAL COURT

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**for waiting time penalties for Pablo Gonzalez Rios** ([8 hours at $42.54[1] ([8 hours at $42.54 hourly rate of pay] + [1 hour at $63.81 overtime premium rate] = $404.13 daily wage x 30 days' worth of penalties).

## ALLEGED WAGE STATEMENT PENALTIES

35.    Plaintiff's sixth cause of action is for failure to provide accurate wage statements. Exhibit A, Amended Complaint, ¶¶ 69.76. Plaintiff alleges wage statement penalties under Cal. Labor Code § 226. § 226 provides for recovery of $50 for the initial pay period in which a violation of § 226 occurred and $100 for each violation of § 226 in a subsequent pay period, to exceed an aggregate of $4,000.00 per employee.

36.    The Amended Complaint alleges that Plaintiff Frank Gonzales worked "from approximately August 2020 to approximately January 2021," that Plaintiff Francisco Gonzalez Rios worked "from approximately September 2019 to approximately January 2021," and that Plaintiff Pablo Gonzalez Rios worked "from approximately May 2019 to approximately January 2021." Exhibit A, Amended Complaint, ¶¶ 8-10. This translates to roughly twenty-six (26), seventy-four (74), and ninety-two (92) workweeks for each Plaintiff respectively.

37.    On this basis, Plaintiff Frank Gonzalez would have received thirteen (13) biweekly wage statements, Plaintiff Francisco Gonzalez Rios would have received thirty-seven (37) biweekly wage statements, and Plaintiff Pablo Gonzalez Rios would have received forty-six (46) biweekly wage statements.

38.    Given the prevalence of the violations alleged, it is reasonable to infer Plaintiffs are alleging that each wage statement would have included inaccuracies. On that basis, Plaintiffs allege damages for wage statement

---

[1] Records indicate that Pablo Gonzales Rios's final wage was $42.54 per hour; accordingly that is the wage used to calculate waiting time penalties. B. Campbell Decl., ¶ 7.

penalties as follows:

    a.  **Plaintiff Frank Gonzalez alleges $1,250.00 in wage statement penalties** (13 total violations; $50 for the initial violation + [$100 x 12 subsequent violations] = $1,250.00).

    b.  **Plaintiff Francisco Gonzalez Rios alleges $3,650.00 in wage statement penalties** (37 total violations; $50 for the initial violation + [$100 x 36 subsequent violations] = $3,650.00).

    c.  **Plaintiff Pablo Gonzalez Rios alleges $4,000.00 in wage statement penalties** (46 total violations; $50 for the initial violation + [$100 x 45 subsequent violations = $4,550.00; penalties capped by statute at $4,000.00).

39.   Plaintiff alleges that Defendants "have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiffs and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned." Exhibit A, Amended Complaint, ¶ 71.

**PLAINTIFFS' CLAIMS AS APPLIED TO CLASS**

40.   Because Plaintiffs claim their claims are representative of the class as a whole, it is reasonable to infer that Plaintiffs do not allege that they are 'outliers', but rather that their damages would be comparable to the damages of the typical class member. Accordingly, it is **generally** reasonable to take the average the value of Plaintiffs' claims as approximating that of a typical class member and then extrapolate across the total number of putative class members to reach a total for the amount in controversy.

41.   An exception to this, however, is waiting time penalties, where it is reasonable to assume that Defendants still employ some potential class members. Defendants will, therefore, conservatively assume that 50% of the potential class

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

members are still employed by Defendants (and would thus be ineligible for waiting time penalties), and will reduce the estimated average recovery on waiting time penalties for each class member by 50% from Plaintiffs' average claim.

42.    Another exception is wage statement penalties, where it is reasonable to assume that some potential class members' claims would be barred by the one-year statute of limitations for §226. According, Defendants will also reduce the estimated average recovery on wage statement penalties for each class member by 50% from Plaintiffs' average claim.

43.    Applying the above assumptions to the class as a whole results in an amount in controversy for the above claims (which are not all the claims Plaintiffs assert) as follows:

a.  Overtime Wages: $5,148.50 (average of Plaintiffs' claims for $2,225.60, $6,334.40, and $6885.50).

b.  Meal and Rest Breaks: $2,059.80 (average of Plaintiffs' claims for $890.24, $2533.76 and $2,755.40)

c.  Waiting Time Penalties: $5,273.45 (average of Plaintiffs' claims for $9,758.40 (twice) and $12,123.90, reduced by 50%).

d.  Wage Statement Penalties: $1,483.33 (average of Plaintiffs' claims for $1,250.00, $3,650.00 and $4,000.00 reduced by 50%).

44.    Totaling the average potential liabilities for the above four causes of action – which are based on Defendants' conservative calculations and include only *some* of the claims that Plaintiffs raise - results in average potential liability for the three named Plaintiffs of $13,965.08. Multiplying this average by the approximately 500 total class members results in an (incomplete) amount in controversy of $6,982,540.00. This amount also does not account for attorneys' fees, which are provided by statute and which are properly included as part of the amount in controversy. *Lowdermilk v. U.S. Bank*, 479 F.3d 994, 1000 (9th Cir.

2007) (superseded on other grounds as recognized in *Patel v. Nike Retails Services*, 58 F.Supp.3d 1032, 1037 (N.D. Cal. 2014)). In the Ninth Circuit, an award of attorneys' fees is typically 25% of any judgment in favor of the plaintiff. *See Staton v. Boeing Co.,* 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."). Here, including potential attorneys' fees would increase the amount in controversy by an additional $1,745,635 ($6,982,540 x 25%). This would bring the total in controversy to **$8,728,175**. Given that including all of Plaintiffs' claims as well as injunctive relief and other relief sought by Plaintiffs would result in an even higher amount, CAFA's amount in controversy requirement is easily satisfied.

## V.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

35.    As required by 28 U.S.C. § 1446, a copy of the entire case file for the State Court Action which includes "all process, pleadings, and orders served upon" Defendants in the State Court Action is attached to this Notice of Removal as Exhibit A to the Declaration of Alexander Marx, filed concurrently herewith.

36.    A copy of this Notice of Removal is being filed with the clerk of the San Diego County Superior Court.

37.    A copy of this Notice of Removal is also being served on counsel for Plaintiffs.

## VI.    CONCLUSION

For the reasons described above, Plaintiffs' claims are properly removable under 28 U.S.C. §§ 1332(d) and 1453 under the Class Action Fairness Act. Accordingly, Defendants respectfully request that this Court proceed with this matter.

/ / /

/ / /

/ / /

NOTICE OF REMOVAL TO FEDERAL COURT

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

Dated:  April 18, 2022

GORDON & REES SCULLY
MANSUKHANI, LLP

By:    /s/ Brandon D. Saxon_____
       Brandon D. Saxon
       Attorneys for Defendants
       BARNARD
       CONSTRUCTION
       COMPANY, INC.; BFBC,
       LLC

1255248/64707449v.3

-16-

NOTICE OF REMOVAL TO FEDERAL COURT